1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8  LEE R. HOTTELL,                          NO.  C14-1498-MJP-JPD

9                         Plaintiff,

10         v.                               REPORT AND
                                            RECOMMENDATION
11  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,
12
                          Defendant.
13

14         Plaintiff Lee R. Hottell appeals the final decision of the Commissioner of the Social

15  Security Administration ("Commissioner") that denied his applications for Disability Insurance

16  Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

17  Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18  administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

19  the Commissioner's decision be REVERSED and REMANDED for a finding of disability.

20                      I.        FACTS AND PROCEDURAL HISTORY

21         Plaintiff is a 68-year-old man with an eleventh grade education and a prior certification

22  as a real estate agent.  Administrative Record ("AR") at 98, 594.  His past work experience

23  includes employment as a real estate agent, insurance salesperson, and retail clerk.  AR at 93.

24  Plaintiff was last gainfully employed in January 2001.  *Id.*

REPORT AND RECOMMENDATION - 1

On October 9, 2001, Plaintiff filed applications for SSI and DIB, alleging an onset date of July 19, 2001.  AR at 83-85, 271-73.  Plaintiff asserts that he is disabled due to gout, arthritis, allergies, and asthma.  AR at 92.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 45-48, 51-53, 275-78, 280-82.  On February 12, 2004, the ALJ issued a decision finding Plaintiff not disabled.  AR at 18-25.  After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review.  AR at 5-9.  Plaintiff requested judicial review of the ALJ's decision, and the U.S. District Court granted the parties' stipulated motion to reverse the ALJ's decision and remand the case for further administrative proceedings.  AR at 377-78.

The ALJ on remand again found Plaintiff not disabled, in a decision dated August 23, 2007.  AR at 517-29.  The Appeals Council granted Plaintiff's request for review of the ALJ's decision, and remanded the case for further administrative proceedings.  AR at 530-33.  The ALJ again found Plaintiff not disabled, in a decision dated June 30, 2009.  AR at 366-76. Plaintiff sought judicial review, and the U.S. District Court reversed and remanded the case for further administrative proceedings.  AR at 673-74, 686-710.

The ALJ again found Plaintiff not disabled, in a decision dated June 27, 2014.  AR at 659-68.  On September 28, 2014, Plaintiff timely filed the present action challenging the Commissioner's most recent decision.  Dkt. 1, 3.

## II.      JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by

1  substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

2  Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

3  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

4  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

5  (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

6  medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

7  53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

8  whole, it may neither reweigh the evidence nor substitute its judgment for that of the

9  Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

10  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

11  must be upheld.  *Id.*

## IV.    EVALUATING DISABILITY

13         As the claimant, Mr. Hottell bears the burden of proving that he is disabled within the

14  meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

15  Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in

16  any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

17  expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

18  423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are

19  of such severity that he is unable to do his previous work, and cannot, considering his age,

20  education, and work experience, engage in any other substantial gainful activity existing in the

21  national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

22  99 (9th Cir. 1999).

23         The Commissioner has established a five step sequential evaluation process for

24  determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

V.     DECISION BELOW

On June 27, 2014, the ALJ found:

1.  The claimant meets the insured status requirements of the Act through December 23, 2001.

2.  The claimant has not engaged in substantial gainful activity since July 19, 2001, the alleged onset date.

3.  The claimant's gout and allergies are severe.

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.  The claimant has the RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).  The claimant can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently.  He can stand and/or walk for about four hours (with normal breaks), and sit for six hours (with normal breaks) in an eight-hour workday.  He has no manipulative limitations.  The claimant has no limitations in the use of his feet to operate foot controls.  He has no postural limitations, visual or communication limitations, and no significant environmental limitations.

6.  The claimant is capable of performing his past relevant work as a real estate sales agent, security systems sales representative, and household appliances salesperson.  He is also capable of performing other jobs, including telephone solicitor and receptionist, transferring skills acquired in his prior work.

7.  The claimant has not been under a disability, as defined in the Act, from July 19, 2001, through the date of the decision.

AR at 662-668.

VI.     ISSUE ON APPEAL

The only issue on appeal is whether this case should be remanded for further proceedings, or for a finding of disability.  Dkt. 25 at 1-2.

REPORT AND RECOMMENDATION - 5

1

VII.    DISCUSSION

2          The Commissioner agrees that the ALJ's decision is erroneous in (1) failing to properly

3   assess Plaintiff's non-exertional limitations; (2) failing to address the opinion of treating

4   physician Bruce Psaty, M.D.; (3) failing to properly reevaluate the opinion of examining

5   physician Raymond West, M.D., and treating physician Wendell Fleet, M.D.; (4) failing to

6   properly reevaluate the step-two findings as to Plaintiff's hypertension, back condition, and

7   arthritis; (5) assessing Plaintiff's RFC as to limitations in standing and sitting, and as to

8   postural and nonexertional limitations; and (6) discounting the credibility of Plaintiff's

9   subjective testimony.  Dkt. 25 at 1-2.  The Commissioner's brief also identifies other errors

10  that she contends should be resolved on remand.  *See* Dkt. 25 at 11-12.  The Commissioner

11  argues that this matter should be remanded for further administrative proceedings, rather than

12  for a finding of disability, because the record contains conflicting medical evidence and raises

13  serious doubt as to whether Plaintiff is disabled.

14         In the Ninth Circuit, courts that find harmful legal error in an ALJ's decision may

15  remand the matter to the agency for additional administrative proceedings, or remand for a

16  finding of disability.  *See Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000).  In

17  *Harman*, the Ninth Circuit explained that if (1) a court determines that an ALJ has improperly

18  rejected certain evidence, then a remand for a finding of disability is appropriate if (2) there are

19  no "outstanding issues that must be resolved before a determination of disability can be made,"

20  and (3) "it is clear from the record that the ALJ would be required to find the claimant disabled

21  were [the improperly rejected] evidence credited."  211 F.3d at 1178 (quoting *Smolen v.*

22  *Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Ninth Circuit clarified that a court should

23  first credit the improperly rejected evidence as true, and from that vantage point determine

24  whether "outstanding issues" exist and whether the record clearly supports a finding of

1    disability.  *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

2        In July 2014, the Ninth Circuit issued an opinion in *Garrison v. Colvin*, which added an

3    additional overlay to the credit-as-true rule: even if the requirements of the *Harman* rule have

4    been satisfied, the court retains "flexibility" to remand for further proceedings "when the

5    record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

6    the meaning of the Social Security Act."  759 F.3d 995, 1021 (9th Cir. 2014).  *Garrison* also

7    explained that further proceedings are not warranted simply to allow an ALJ to reconsider

8    evidence improperly rejected in a prior decision, because such a result would be unfair and fail

9    to incentivize proper evaluation of the case in the ALJ's first decision.  759 F.3d at 1021-22.

10       Just a few months later, the Ninth Circuit issued two opinions explicating the credit-as-

11   true rule, *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014), and

12   *Burrell v. Colvin*, 775 F.3d 1133 (9th Cir. 2014).  *Treichler*'s presentation of the credit-as-true

13   rule diverges from the framework outlined in *Garrison*.[2]  According to *Treichler*, only if the

14   court determines that further proceedings would not be useful — because there is no

15   conflicting[3] evidence, and all essential factual issues have been resolved — should the court go

16   on to credit the improperly rejected evidence as true.  775 F.3d at 1101.  From that point of

17   view, the court should then "determine whether the record, taken as a whole, leaves 'not the

18

19       [2] Indeed, the dissent in *Treichler* outlines the ways in which the majority's application of the
credit-as-true rule is inconsistent with prior statements of the rule, and purportedly "contravenes the

20   spirit and purpose of the credit-as-true rule" as stated in other cases.  775 F.3d at 1109-11 (Tashima, J.,
dissenting).
        [3] The lines of cases sharply diverge on the issue of what constitutes "conflicting evidence" for

21   the purpose of this step in the credit-as-true rule.  *Treichler* suggests that a conflict exists if an ALJ may
be able to, upon reconsideration, provide adequate reasons to discount evidence improperly rejected in

22   the first decision.  775 F.3d at 1101 n.5 (citing *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir.
2003)).  *Treichler* emphasizes that to hold otherwise would run afoul of "our jurisprudence, which

23   requires remand for further proceedings in all but the rarest cases[.]"  *Id.*  *Garrison*, on the other hand,
flatly rejects such an approach, finding that "our precedent and the objectives of the credit-as-true rule

24   foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies
as a remand for a 'useful purpose' under the first part of the credit-as-true analysis."  759 F.3d at 1021.

REPORT AND RECOMMENDATION - 7

slightest uncertainty as to the outcome of [the] proceeding.'"  *Id.* (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 776 n.6 (1969)).  Although the plaintiff in *Treichler* urged the court to credit the improperly rejected evidence as true first, before reviewing the record to determine whether further proceedings would be useful, the court found that such a rule could lead to a claimant being found disabled simply because the ALJ's decision was legally erroneous, but not because the record clearly established disability.  775 F.3d at 1105-06.  This outcome would, according to the *Treichler* court, contravene the purpose of Social Security disability programs, which is to provide benefits to people unable to work.  775 F.3d at 1106.  *See also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

The Ninth Circuit panel that decided *Burrell* one week later relied upon *Garrison* to focus on whether the "record as a whole creates serious doubt as to whether [the claimant] is, in fact, disabled."  775 F.3d at 1141.  The *Burrell* court assumed but did not decide that the *Harman* steps had been satisfied, but found that evidence not discussed by the ALJ raised "serious doubts" as to the plaintiff's credibility, such that a finding of disability would be inappropriate.  775 F.3d at 1141-42.

In the absence of any further guidance[4] from the Ninth Circuit as to how to apply the credit-as-true rule, the Court finds that in this case, applying either the *Treichler* or *Garrison/Burrell* framework, a remand for a finding of disability is the appropriate remedy.  Although the Commissioner argues that the record contains conflicting medical evidence, the evidence cited does not contain a relevant conflict, because the Commissioner has not

---

[4] The Ninth Circuit has noted in a recent opinion that there is "pending en banc activity" involving *Treichler* and *Burrell*.  *Bustamante v. Colvin*, ___ Fed. Appx. ___, 2015 WL 1600574, at *3 n.1 (9th Cir. Apr. 10, 2015).

1    identified evidence consistent with the ALJ's RFC assessment that Plaintiff can perform the

2    range of light work specified.  The opinion of Melinda Loveless, M.D., which is the least

3    restrictive opinion of record, and which was not addressed by the ALJ, is still not fully

4    consistent with the ALJ's RFC assessment, because Dr. Loveless opined that Plaintiff could

5    only stand for an hour without interruption, or walk for 30 minutes without interruption, and

6    the ALJ did not include these limitations in the RFC assessment.  *Compare* AR at 666 *with* AR

7    at 780.  Dr. Loveless also opined that Plaintiff had postural and environmental limitations that

8    the ALJ did not include in the RFC assessment.  *Compare* AR at 666 *with* AR at 782-83.  Dr.

9    Loveless's opinion does not create serious doubt that Plaintiff is disabled, because vocational

10   expert testimony of record suggests that if the hypothetical claimant was required to change

11   positions any more often than at a normal break (every two hours), he could not perform

12   Plaintiff's past relevant work.  *See* AR at 615-18.

13          The opinions of Drs. Fleet, West, and Psaty are also not entirely consistent with the

14   ALJ's RFC assessment, and are more restrictive in some ways, and thus do not create serious

15   doubt that Plaintiff is disabled.  *See* AR at 131, 268, 451-52, 481, 567, 571, 575, 579, 583, 785-

16   88.  Although the Commissioner identifies the ways in which the various providers described

17   Plaintiff's limitations differently (Dkt. 25 at 9), she cites no opinion that is consistent with the

18   ALJ's RFC assessment or that would support a finding that Plaintiff could perform his past

19   relevant work.  Because there is no conflict in the medical opinion evidence regarding whether

20   Plaintiff can perform his past relevant work — because all of the medical opinions indicate that

21   Plaintiff's limitations would preclude his performance of that work in some respect — and

22   because the vocational expert testified that Plaintiff's limited education and "extremely

23   limited" computer skills would preclude his ability to transition to other work (AR at 873, 875-

24   78), the Commissioner has not identified any evidence that demonstrates a material conflict or

REPORT AND RECOMMENDATION - 9

creates "serious doubts" as to whether Plaintiff is disabled.[5]   The Commissioner has also failed to respond to Plaintiff's contentions regarding the vocational impact of his limited education and lack of computer skills.  *See* Dkt. 21 at 16-17.  Accordingly, the Court recommends that this case be remanded for a finding of disability.

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 3, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 5, 2015**.

//

//

//

//

//

//

---

[5] The Commissioner points to evidence showing that Plaintiff's arthritis and asthma may not be disabling (Dkt. 25 at 9-10), but the existence of this evidence does not undermine the evidence suggesting Plaintiff is disabled due to the limitations caused by other conditions.

REPORT AND RECOMMENDATION - 10

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 20th day of May, 2015.

_James P. Donohue_

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 11